IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN H. JACKSON, III )
and KEITH HAYDEN, )
                             Plaintiffs, )
                                    ) 2:10-cv-182
            v )
)
ALLEGHENY LUDLUM CORPORATION , )
                             Defendant. )

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 32). In support of its motion for summary judgment, Defendant Allegheny Ludlum Corporation ("Allegheny Ludlum") filed a twenty-one page Memorandum of Law, a sixty-one page, 375-paragraph Statement of Undisputed Material Facts, and nineteen exhibits. Plaintiffs did not file a response to the motion for summary judgment.[1]

Instead, on the day Plaintiffs' response was due, they filed a "Stipulation of Dismissal With Prejudice." Defendant vigorously opposed Plaintiffs' belated effort to withdraw the case, and the Court denied Plaintiffs' "Stipulation of Dismissal" by separate Order on even date. The deadline for Plaintiffs' response to the pending summary judgment motion has passed and the motion is ripe for disposition.

---

[1] Counsel for Plaintiffs did file PLAINTIFFS' MOTION FOR ORAL ARGUMENT ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 35). Due to the complete lack of a substantive response to Defendant's motion, the request for oral argument will be **DENIED** as moot.

1

Standard of Review

Federal Rule of Civil Procedure 56 governs summary judgment. In interpreting Rule 56, the United States Supreme Court has stated:

> The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex*, 477 U.S. at 323. The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (*quoting Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the

moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-250.

Local Rule 56(E) explains that facts set forth in a Concise Statement of Material Facts will "be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." *Accord* Fed. R. Civ. P. 56(e)(2) (2009) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.") Pursuant to the 2010 amendment to Rule 56 that became effective several weeks prior to the due date for filing Defendant's response, Rule 56(e) now provides that if a party fails to properly address an opposing party's assertion of fact, the court may consider that fact to be undisputed, and may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."

Legal Analysis

Plaintiffs have failed to respond to the pending motion or to the Statement of Undisputed Material Facts. Accordingly, the Court accepts all 375 assertions of fact in Defendant's

3

Statement of Undisputed Material Facts as true and undisputed. Upon a thorough review of Defendant's Motion for Summary Judgment and supporting materials, the Court further concludes that Allegheny Ludlum is entitled to summary judgment.

Plaintiffs are African American males who are long-time employees of Allegheny Ludlum. On February 9, 2010, Plaintiffs filed a two-count Complaint under the Civil Rights Act of 1866 (Section 1981), 42 U.S.C. § 1981, which alleged: (1) at Count I, a racially hostile work environment; and (2) at Count II, disparate treatment based on race. The allegations stemmed from the July 2009 discovery of two nooses and a piece of clothesline with a common knot, and numerous alleged instances of racially-charged graffiti at the Allegheny Ludlum facility in Brackenridge, Pennsylvania. On August 26, 2010, the parties stipulated to the dismissal of Count II. Accordingly, only the "hostile work environment" claim remains.

In order to establish a prima facie hostile work environment claim under Section 1981, Plaintiffs bear the burden to show that (1) the employee suffered intentional discrimination because of his race, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person of the same race in that position, and (5) the existence of respondeat superior liability. *Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001). The discriminatory conduct must be so extreme as to amount to a change in the terms and conditions of employment. *See Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005). Unless they are extremely severe, offhand comments and isolated incidents are insufficient to sustain a hostile work environment claim. *See id*. Racial conduct that occurred outside of Plaintiffs' presence and that was directed at others cannot serve as evidence in support of Plaintiffs' claim. *Id*. at 263-64. The record in this case,

4

viewed in the light most favorable to Plaintiffs, simply fails to rise to the level of "severe" or "pervasive" racial conduct as defined in the case law. Accordingly, Plaintiffs cannot establish a prima facie case.

Moreover, Plaintiffs cannot establish that any of the alleged racial conduct is attributable to Allegheny Ludlum, such that respondeat superior liability could exist. To the contrary, the record reflects that Allegheny Ludlum immediately investigated the discovery of the nooses in July 2009 and implemented prompt and effective remedial actions which completely addressed Plaintiffs' allegations. Further, the record establishes that no further nooses have been discovered, and no racially-oriented graffiti or other racially improper conduct has occurred since the summer of 2009. *See Knabe v. Boury Corp.*, 114 F.3d 407, 411-12 (3d Cir. 1997) (no liability where employer's remedial action was reasonably calculated to prevent further harassment). For this reason also, Plaintiffs have failed to make out a prima facie claim of a racially hostile work environment and Defendant is entitled to summary judgment.

In accordance with the foregoing, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 32) is **GRANTED** and Plaintiffs' action is **DISMISSED WITH PREJUDICE**. Further, PLAINTIFFS' MOTION FOR ORAL ARGUMENT ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 35) is **DENIED** as moot. The clerk shall docket this case closed.

SO ORDERED this 12th day of January, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Joseph H. Chivers, Esquire
Email: jchivers@employmentrightsgroup.com

David J. Kolesar, Esquire
Email: klgateseservice@klgates.com